Matter of Clarke v City of New York (2020 NY Slip Op 05131)





Matter of Clarke v City of New York


2020 NY Slip Op 05131


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 154305/2017 Appeal No. 11874 Case No. 2019-3308 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]In re Adrianne Clarke, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents, Metropolitan Transit Authority, et al., Respondents.


Blodnick, Fazio & Clark, Garden City (Adam Crowley of counsel), for appellant,
David I. Farber, Brooklyn (Kristen M. Nolan of counsel), for respondents.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered March 12, 2019, inter alia, denying the petition to annul respondent New York City Transit Authority's (NYCTA) Step II Decision dated February 9, 2017, which denied petitioner's request for differential pay, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner brought this petition seeking to annul NYCTA's decision to deny her differential pay for an injury she allegedly sustained while flying to Nevada for a training course. Petitioner travelled to Nevada on September 25, 2011 and attended the training through September 28. On the evening of September 28, she sought treatment for bilateral calf pain and was diagnosed with deep vein thrombosis (DVT), which was allegedly caused by the long flight. She notified her supervisor of her diagnosis on September 29, 2011, and ultimately received Worker's Compensation benefits for her injury.
In January 9, 2012, petitioner requested differential pay, a benefit arising from the collective bargaining agreement between her union and NYCTA. The request for differential pay was denied because petitioner reported the injury late and she was not engaged in a workplace activity when she sustained the injury.
Supreme Court providently determined that NYCTA's decision was supported by a rational basis (see Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d 198, 207 [2019]). The rules for receiving differential pay state that the employee must have sustained an accidental injury while engaged in the performance of his/her assigned duty for NYCTA, and such accidental injury was the direct cause of the employee's incapacity for work. The rules further require, among other things, that the employee give due notice of the accident, and that there is "no uncertainty" that the employee sustained an accidental injury while engaged in the performance of his/her duties. Here, NYCTA reasonably found that petitioner failed to provide timely notice of her injury, as she reported it four days after her flight. Nor did she specify that her injury was work-related but stated only that her medical condition required time off from work.
Furthermore, petitioner failed to meet the other requirements for receiving differential pay. There was uncertainty regarding whether she was engaged in an assigned work activity when the injury occurred, since traveling to work is not
considered a workplace activity (see e.g. Matter of Greene v City of New York Dept. of Social Servs., 44 NY2d 322, 325 [1978]), and petitioner's medical records showed that she had a personal history of DVT and other comorbidities. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020